IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**BRYAN CROSS,**

    **Movant,**

v.                                      **Case No. 5:16-cv-06097**
                                          **Case No. 5:15-cr-00079**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the United States Motion for an Order Directing Movant to File a Privilege Waiver. (ECF No. 27). Movant filed a motion pursuant to 28 U.S.C. § 2255, asserting in relevant part that his former trial counsel, Mr. E. Ward Morgan, provided ineffective assistance of counsel when he failed to retest the controlled substances that formed the basis of Movant's conviction; thereby, failing to determine and argue that the substances were cocaine, rather than partially cocaine base. Movant also generally argues that his counsel was not properly trained and experienced in criminal law, causing counsel to make errors of judgment, to inadequately investigate the case and communicate properly, and to fail to zealously represent Movant. (ECF No. 18). The United States has now filed the instant motion, claiming that it is unable to fully respond to Movant's allegations without being permitted the right to speak with Movant's counsel.

Federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all

1

communications with his allegedly ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in *Bittaker,* Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a federal proceeding. Fed. R. Evid. 502(a)[2] specifically addresses the circumstance of when a party discloses a communication or information covered by the attorney-client privilege in a federal proceeding or to a federal office or agency. According to Rule 502(a), when the attorney-client privilege is waived by a disclosed communication or information:

> the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Here, Movant intentionally waived his attorney-client privilege by disclosing some of his communications with his Mr. Morgan for the purpose of pursuing the § 2255 motion; for example, Movant related his conversation with counsel regarding the need to have the controlled substances retested. (ECF No. 18 at 4). In addition, Movant attaches to his motion correspondence from Ms. Morgan discussing testing and retesting of the substances, as well as other matters related to Movant's case. (ECF No. 18 at 15-16). Therefore, applying Rule 502(a), the undersigned finds that Movant's waiver should, in

---

[1] *See also United States v. Pinson,* 584 F.3d 972 (10th Cir. 2009); *In re Lott,* 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama,* 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States,* Case No. 4:11-cv-70082, 2011 WL 2693915 (D.S.C. July 12, 2011); *Mitchell v. United States,* Case No. CV10-01683, 2011 WL 338800 (W.D. Wash Feb. 3, 2011).

[2] The Federal Rules of Evidence are applicable in a § 2255 proceeding. *See* FRE 1101(a) and (b). *See also U.S. v. Torrez-Flores,* 624 F.2d 776 (7th Cir 1980); *United States v. McIntire,* Case No. 3:09-cv-359, 2010 WL 374177 (S.D. Ohio Jan. 29, 2010); *Bowe v. United States,* Case no. CR404-308, 2009 WL 2899107 (S.D.Ga. May 20, 2009); *Rankins v. Page,* Case No. 99-1515, 2000 WL 535960 (7th Cir. May 1, 2000); *Ramirez v. United States,* Case No. 96 CIV 2090, 1997 WL 538817 (S.D.N.Y Aug. 29, 1997). Moreover, Fed. R. Evid. 1101(c) states that "[t]he rules on privilege apply to all stages of a case or proceeding."

all fairness, extend to everything that was said between Movant and Mr. Morgan, disclosed and undisclosed, pertaining to the testing and retesting of the controlled substances.

However, the undersigned recognizes the professional and ethical responsibilities of criminal defense attorneys. Rule 83.7 of the Local Rules of Civil Procedure and Rule 44.7 of the Local Rules of Criminal Procedure of this District provide that:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ("ABA") Model Rules of Professional Conduct address the confidentiality of information shared between an attorney and his or her client. *See* West Virginia Rules of Professional Conduct 1.6 and 1.9(c); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Moreover, on July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, *see, e.g., Jones v. United States,* Case No. 4:11-cv-00702, 2012 WL 484663, at *2 (E.D.Mo. Feb. 14, 2012); *Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.,* 213 F.R.D. 422, 430 (D. Kan 2003), it provides a reasoned discussion of the competing interests that arise in the context of an

ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party. Stated simply, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

Upon examining the provisions of West Virginia's Rule of Professional Conduct 1.6, the undersigned notes that 1.6(b)(5) permits a lawyer to "reveal such information [relating to the representation of a client] to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows the Rule, the Supreme Court of Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." Furthermore, Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order." Similarly, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding

4

the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client," and Model Rule 1.6(b)(6) allows disclosures necessary to comply with the law or a court order. In view of these provisions, the court finds that Mr. Morgan may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this court and to respond to the allegations of ineffective assistance of counsel.

Having addressed the professional responsibilities of counsel, the court turns to its authority and obligations. Certainly, the court has the obligation to insure an orderly, fair, and efficient resolution of the disputed matter, and is authorized to order Movant's trial attorney to provide information regarding his discussions with Movant as necessary to resolve the pending motion. The court also has the authority to issue a protective order governing the scope of the disclosure of privileged information, including a limitation on the use of privileged information in other federal and state proceedings. *See* Rule 12, Rules Governing § 2254 Proceedings; Fed R. Civ. P 26(c); and Fed. R. Evid. 502(d)

Therefore, the court **GRANTS, in part,** and **DENIES, in part,** the United States' motion as set forth herein. The court finds that Movant's former counsel should be compelled to disclose those communications with Movant that counsel believes are necessary to fully and completely respond to Movant's claims of ineffective assistance of counsel, but to continue to hold in confidence any communications with Movant that counsel reasonably believes are not pertinent to a fair resolution of Movant's habeas motion. *See* Rule 12, Rules Governing § 2255 Proceedings; FRCP 26(c); and FRE 503(d); *See also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules

Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. Consequently, the court further finds that an affidavit submitted by Mr. Morgan responding to Movant's claims, along with any supporting documentation in Mr. Morgan's file, should be sufficient to supply the basic information required by the United States to respond to Movant's § 2255 motion, and should assist the court in resolving the issues while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege. As such, the United States is not permitted to engage in *ex parte* communications with Mr. Morgan regarding his discussions or contacts with Movant.

Thus, the court **ORDERS** Movant's counsel, Mr. E. Ward Morgan, to file within **thirty (30) days** from the date of this Order an affidavit responding to Movant's specific claims of ineffective assistance of counsel, including his claim that counsel was not properly trained or experienced at criminal law. The affidavit shall incorporate all of the information Mr. Ward believes is necessary to fully respond to the claims and shall include as attachments copies of any documents from his file specifically addressing the matters raised by Movant in his motion. To the extent that these documents address other aspects of Mr. Ward's representation of Movant, which are not pertinent to a resolution of the § 2255, they may be redacted. In preparing the affidavit and attachments, counsel should disclose only that information reasonably necessary to ensure the fairness of these proceedings. The court advises Movant, however, that notwithstanding the limitations set forth herein, Mr. Morgan will be given considerable leeway in determining what information is necessary to a fair resolution of the ineffective assistance of counsel claim.

The undersigned further finds that specific court-imposed limitations on the use of the disclosed privileged information are necessary to protect Movant's future interests.

6

As previously noted by the Fourth Circuit Court of Appeals, a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a habeas proceeding is entirely justified, because otherwise Movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (quoting *Bittaker v. Woodford,* 331 F.3d 715, 723 (9th Cir. 2003)). Therefore, the court further **ORDERS** that the attorney-client privilege, which attaches to communications between Movant and Mr. Morgan shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this § 2255 proceeding. The information supplied by Movant's former trial counsel shall be limited to use in this proceeding, and Respondent is prohibited from otherwise using the disclosed privileged information without further order of a court of competent jurisdiction or a written waiver by Movant.

The court **ORDERS** that the briefing schedule, (ECF No. 23), shall be held in abeyance until Mr. Morgan files his affidavit. Once the affidavit is filed, the time frames in the schedule shall begin to run.

The Clerk is instructed to provide a copy of this Order to Movant, counsel of record, and Mr. E. Ward Morgan, Esquire.

**ENTERED:** September 12, 2016

Cheryl A. Eifert
United States Magistrate Judge